UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

TWEEDSMUIR ATKINSON, as Personal
Representative of the Estate of Adi Atkinson,
Deceased,

      Plaintiff,

v.

MICHAEL P. HUERTA, as Acting Administrator
of the Federal Aviation Administration, and the
FEDERAL AVIATION ADMINISTRATION, a
Federal Agency within the United States Department
of Transportation.
_____

## COMPLAINT FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

This action is brought under the Administrative Procedure Act ("APA") 5 U.S.C. §701 through 706, based on the denial of the Plaintiff's request, pursuant to 49 C.F.R. 9.15, to conduct the deposition of FAA employees Lowell Foster and Joe Miess ("Foster" and "Miess") for testimony relating to the certification of the Cirrus Design Co. ("Cirrus") SR/20 Aircraft, pursuant to FAR Part 23, the stall/spin certification of that aircraft, and the equivalent level of safety analysis for that aircraft. Defendants' denial of the deposition request is arbitrary, capricious, and an abuse of discretion and constitutes "an agency action unlawfully withheld or unreasonably delayed" within the meaning of the APA.

## PARTIES

1. Plaintiff TWEEDSMUIR ATKINSON, ("Plaintiff") is the personal representative of the Estate of Adi Atkinson. Plaintiff resides in Broward County Florida, and the Estate is

the wrongful death of Adi Atkinson in Florida Circuit Court for the Seventeenth Judicial Circuit of Florida, *Atkinson v. Cirrus Design Co.,* Docket No. CACE 10-30850 (02) (Fla. Cir. Ct., 17th Jud. Cir.) (the "underlying case").

9. The underlying case concerns the negligence of Cirrus Design Co. in its failure to design an aircraft with reasonable stall/spin characteristics, reasonable stall/spin warnings and reasonable stall/spin recovery, which were the legal and proximate cause of the crash of a Cirrus SR/20 Aircraft and the death of Adi Atkinson.

10. On December 22, 2011, Plaintiff, by and through his attorney, Edward Curtis, sent the Defendants a request pursuant to 49 C.F.R. 9.15 to take the deposition of Joe Miess, Flight Test Pilot at the Chicago Aircraft Certification Office and Lowell Foster, Aviation Safety Engineer, at the Small Airplane Directorate in Kansas City. A true copy of these requests are attached hereto as Composite Exhibit "A".

11. The request submitted by Plaintiff clearly identified the underlying case; stated the basic facts of the proceeding; summarized unresolved issues applicable to the testimony sought; summarized the testimony sought and its relevance to the proceeding; certified that the information was not reasonably available from other sources; described the extent of a search of parties and potential parties; and declared that Plaintiff would not seek expert or opinion testimony from the witnesses.

12. On January 12, 2012, Mr. Curtis received a response from the FAA, which ambiguously requested Plaintiff to provide "a Part 9 Declaration", an explanation as to why deposition testimony was necessary, and "specific written questions" for Mr. Foster to answer. A true copy of this response is attached hereto as Exhibit "B".

13. Mr. Curtis responded to this Correspondence on February 15, 2012, by providing

further details regarding the deposition testimony sought and explaining that "specific written questions" would be an inadequate and cumbersome means of obtaining responses to Plaintiff's inquiries.

14. Nevertheless, on May 23, 2012, the FAA responded by denying the requests, stating that they were denied because they did not satisfy the "purposes and requirements of 49 C.F.R. Part 9, including 49 C.F.R. §§ 9.1(b)(4), 9.15(a)(5) and 9.15(a)(7)." The FAA's correspondence denying the deposition requests is attached hereto as Exhibit "C".

15. 49 C.F.R. §9.1(b)(4) does not contain a requirement for requesting the deposition testimony of an agency employee, but rather states that the purpose of part 9 includes, *inter alia,* to "Avoid spending time and money of the United States for private purposes."

16. 49 C.F.R. §9.15(a)(5) requires a request for deposition testimony to include "a certification with support, that the information desired is not reasonably available from other sources, including Departmental documents."

17. Such a certification is contained in both Plaintiff's December 22, 2011 request, and Plaintiff's February 15, 2012 Supplemental Request.

18. 49 C.F.R. 9.15(a)(7) simply requires "a declaration that the party will not seek expert or opinion testimony from the witness or seek the testimony of the witness at a hearing or trial in the proceeding."

19. Such a certification is made in Plaintiff's December 22, 2011 request.

**COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

20. Plaintiff repeats and restates the allegations of paragraphs 1-19 as if fully set forth herein.

21. Plaintiff has been adversely affected and aggrieved by the Defendants'

unreasonable delay and unlawful withholding of the testimony of Foster and Weiss.

22. Plaintiff fully complied with all procedural requirements of 49 C.F.R. 9.15 to request the deposition testimony of Foster and Weiss.

23. Defendants denied this request based on the erroneous assertion that Plaintiff failed to comply with 49 C.F.R. 9.15(a)(5) and 49 C.F.R. 9.15(a)(7).

24. Defendants' denial was arbitrary, capricious, and an abuse of discretion within the meaning of the APA, 5 U.S.C. §706(2)(A).

25. Plaintiff has no other adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that this court:

1. Declare that the denial of deposition testimony by the Defendants is unlawful.

2. Order Defendants FAA and MICHAEL P. HUERTA to grant Plaintiff's request for deposition testimony and order that the deposition testimony be conducted consistent with the procedures set forth in 49 C.F.R. Part 9.

3. Enjoin the Defendants from withholding the deposition testimony of Foster and Weiss.

4. Grant such further relief as the Court deems just and reasonable.

Dated: July 23, 2012.

                      TRIPP, SCOTT, P.A.
                      Attorneys for Plaintiff
                      110 SE 6th Street, 15th Floor
                      Fort Lauderdale, Florida 33301
                      Telephone: (954) 525-7500
                      Facsimile: (954) 761-8475

                      By    /s/ Jonathan B. Lewis
                           Edward R. Curtis
                           Florida Bar No. 236845
                           erc@trippscott.com

Jonathan B. Lewis
Florida Bar No. 0041362
jbl@trippscott.com